OPINION. OppeR, Judge: As petitioner correctly insists, this loss, if there was one, did not flow from a bad debt. The debt was paid in full. See B. F. Goodrich Co., 1 T.C. 1098. But other losses are deductible by an individual only if resulting from a casualty or sustained in a trade or business, or in a transaction entered into for profit. Sec. 23(e), I.R.C. 1939. There are, of course, other special instances, like “war losses,” section 127, I.R.C. 1939, but no claim is made that this is such a case. These facts bring petitioner’s situation within none of the specified loss deductions. Piad he remained a British resident, there could have been no claim of any loss. It was his removal to the United States which created the only justification for even suggesting that he was worse off. And this was not, and certainly has not been shown to be, a profit-oriented undertaking. See Commissioner v. Flowers, 326 U.S. 465. Still less could it partake of the nature of a casualty. Where there are collateral transactions in foreign exchange integrated with business operations, it is, of course, possible for a loss to be suffered and to be deductible as a result of the foreign exchange operation itself. Willard Helburn, Inc., 20 T.C. 740, affd. (C.A. 1) 214 F. 2d 815; Wool Distributing Corporation, 34 T.C. 323. But even then, there must be a completed transaction, such as a purchase and sale. Cf. B. F. Goodrich Co., supra. Here, there was no such completed transaction and no direct connection between petitioner’s business and his loss, if any. We find no ground upon which to sustain the claimed deduction. Decision will be entered for the respondent.